O ’Neill, J.,
concurring in part and dissenting in part. The principal and controlling issue in this cause is whether the document designated as Form 45, Revised, is a noncompetitive examination under the law of Ohio.
The majority opinion holds that “ ‘Form 45, Revised,’ is a valid noncompetitive examination.” No authority is cited, statutory or ease law, to support this holding. It is contrary to the statutory law of Ohio.
The majority opinion relies upon two dictionary definitions taken from Webster’s Third New International Dictionary and the New Century Dictionary.
The writer is of the considered opinion that Form 45, Revised, does not meet the requirements of either of those quoted dictionary definitions.
However, fortunately, it is not necessary to rely upon nonlegal dictionary definitions which are general in nature or upon rationalized conclusions deduced from them.
This question can be resolved upon the clear, unequivocal and exact language of the statute.
First, it should be pointed out that the majority opinion states, and I quote:
“Thus in its broad sense an examination need not necessarily be a test. An examination is an evaluation of qualifications, and it need not be a best in the sense that scoring is a necessary concomitant. ’ ’
That the statute clearly contemplates that a noncompetitive examination be administered and scored is undeniable. We need only to read the provisions of Section 143.013, Revised Code, referred to in the majority opinion, which are:
“All powers, duties and functions of the Department of State Personnel not specifically vested in and assigned to, or to be performed by, the State Personnel Board of Review are hereby vested in and assigned to, and shall be performed by the Director of State Personnel, which powers, duties and functions shall include, but shall .not be limited to the following powers, duties and functions:
*303 “ (A) To prepare, conduct, and grade all competitive examinations for positions in the classified state service;
“(B) To prepare, conduct and grade all noncompetitive examinations for positions in the classified state service * * (Emphasis added.)
It is to he noted here that the majority opinion holds that the positions referred to in this cause are in the classified service, and it is to be noted further that the above section of the Revised Code requires preparation, conducting and grading of noncompetitive examinations for positions in the classified service.
Now it is necessary to turn to Section 143.16, Revised Code, “Examinations * * which provides as follows:
"All applica/nts places classified service shall he subject to examination [note that this includes all examinations, competitive and noncompetitive] which shall be public, and open to all citizens of the United States * * (Emphasis added.)
The court need not take a negative approach and consider whether Form 45, Revised, is a noncompetitive examination.
Thus, we can come directly to the important question, “What is Form 45, Revised?,” and find the answer in the statute.
It is unnecessary to argue about definitions or to reason with regard to differing opinions as to what it is, for the statute specifically sets forth exactly what Form 45, Revised, is, not in similar language to that used in Form 45, Revised, hut in the identical language used in Form 45, Revised.
Form 45, Revised, contains seven sections, which are: (1) Position; (2) Citizenship, including age; (3) Residence; (4) Habits and moral character; (5) Health and physical record; (6) Experience; and (7) Educational training. The sex of the applicant is required to be disclosed in the applicant’s signature.
Section 143.16, supra, on examinations, provides as follows:
“All applicants for positions and places in the classified service shall be subject to examination which shall be public, and open to all citizens of the United States, within certain limitations to he determined hy the Director of State Personnel, *304 as to citizenship, residence, age, sex, experience, education, health, habit, and moral character * * *.” (Emphasis added.)
The statute provides that these categories are limitations which must be met, in the opinion of the Director of State Personnel, before an applicant is entitled to take an examination, competitive or noncompetitive.
The nature of Form 45, Revised, under the law, is made even more clear by Section 143.18, Revised Code, entitled “Application; examination fee.” This section, as amended, effective November 2, 1959, without substantial change from its former wording, provides:
“The Director of State Personnel shall require persons applying for admission to any examination, provided for by Sections 143.01 to 143.48, inclusive, of the Revised Code [note that this includes competitive and noncompetitive examinations and includes examinations for temporary and exceptional appointments referred to in Section 143.23, Revised Code], or by the rules of the director prescribed under such sections, to file with the director within a reasonable time prior to the proposed examination a formal application in which the applicant shall state under oath or affirmation'.
“(A) Full name, residence, and post-office address;
“(B) Age and place and date of birth;
“(C) Health and physical capacity for the public service sought;
“(D) Business, employments, and residences for five previous years;
“(E) Such other information as may reasonably be required, touching the applicant’s merit and fitness for the public service sought * * *.
ÉÍ # # #
“* * * The director may require in connection with such application such certificate of persons having knowledge of the applicant as the good of the service demands. The director may refuse to examine an applicant, or, after an examination, refuse to certify the applicant as eligible, who is found to lack any of the established preliminary requirements for the examination, who is physically so disabled as to be rendered unfit for the performance of the duties of the position which he seeks, *305 who is addicted to the habitual use of intoxicating liquors or drugs to excess, who has been convicted of a felony, who has been guilty of infamous or notoriously disgraceful conduct, who has been dismissed from either branch of the civil service for delinquency or misconduct, or who has made false ■ statements of any material fact, or practiced, or attempted to practice, any deception or fraud in his application or in his examination, in establishing his eligibility, or securing his appointment.” (Emphasis added.)
It should be noted here that Form 45, Revised, conforms exactly to the provisions of this section as to what an application for examination, competitive or noncompetitive, provided for in Sections 143.01 to 143.48, inclusive, of the Revised Code, shall contain.
It is to be noted further that in conformance with this section, Form 45, Revised, contains, in addition to what was previously mentioned, a section, “References,” and, at the end, an oath, with the admonition that this form will not be accepted if the oath is omitted.
It is to be noted further that all the questions in the sections of this form conform exactly to the language of this statute on applications. For example:
“7(a) Have you ever been officially charged with a felony?
“(b) Have you ever been convicted of a felony?
¿Í* # #
“8(a) Are you now or have you ever been addicted to the use of intoxicating liquors?
“(b) Are you now or have you ever been addicted to the use of habit forming drugs?”
If any clearer evidence is needed that Form 45, Revised, is, in fact, an application to take an examination, competitive or noncompetitive, as prescribed and required by Section 143.18, this is established by question 16, which reads as follows:
“If the examination requires the applicant to possess a professional license or certificate, give the name of the licensing board, and the registration or certificate number of license issued.......”
And question 17, reading as follows, clinches this:
“Have you enclosed with your application a: naturaliza *306 tion certificate......; age and schooling certificate......; any other like form......
On one page of Form 45, Bevised, it is entitled “Application for Noncompetitive Examination for Provisional Appointment.”
It is obvious that what has happened here is that the Director of State Personnel has prepared a form which conforms exactly to the statutory language setting forth what an application to take an examination shall contain.
There is no provision in Form 45, Bevised, which is not exactly.as provided for in Section 143.18, entitled “Application; examination fee,” which sets forth what an application for an examination, competitive or noncompetitive, shall contain.
The sections and the questions in Form 45, Bevised, are exactly in accordance with the provisions of Sections 143.16 and 143.18 of the Bevised Code, which set forth the preliminary requirements which are to be met before an applicant shall be entitled to take an examination, competitive or noncompetitive, and the questions which shall 'be answered in an application to take an examination, competitive or noncompetitive.
It is unique, indeed, to hold that an instrument which requires an oath to be signed, swearing that all answers therein are true, should be designated by this court as an examination. Clearly, such a document does not comply with the provisions of the statute, Section 143.013, Bevised Code, which provides that the Director of State Personnel shall prepare, conduct and grade all noncompetitive examinations for positions in the classified state service.
An examination is a testing by questions, either written or oral, or,by demonstrations of skill, of an applicant’s ability, knowledge and experience which qualify him to hold a certain position. The majority opinion holds that Form 45, Bevised, is a valid noncompetitive examination for all positions in the classified service, except those excluded in Sections 143.09 and 143.10, Bevised Code. In other words, a person filling out this questionnaire, according to the majority opinion, has taken a valid noncompetitive examination for every position from house parent, elevator operator, domestic worker I, laundry worker I, *307 seamstress I, food service worker I, museum guide and pianist, in pay range 13 at $200 a month, to professional engineer IX at $1,020 a month, superintendent of tuberculosis hospital II at $1,150 a month and public health physician III at $1,200 a month.
These examples show how ridiculous a conclusion this is. Form 45, Revised, is an application to take an examination. It is in the identical language provided for and required by statute for such an application to take an examination, competitive or noncompetitive.
The serious danger which lies in the holding of the majority opinion is that it makes a farce of civil service. The merit system came into being because of the evils of the “spoils system” through which politicians and public officials filled important governmental positions on the basis of rewarding their political friends, rather than upon merit and qualification for the job. The people rebelled against the spoils system. If the majority opinion stands, any person in Ohio, answering the questions in Form 45, Revised, can be nominated to any position in the classified service, regardless of the skill required by the position or the amount of the salary which the law requires to be paid for the position.
Under a decision of this court, State, ex rel. Slovensky, v. Taylor, Dir., 135 Ohio St., 601, 21 N. E. (2d), 990, a person who receives a provisional appointment on the basis of a noncompetitive examination enjoys civil service tenure and can not be removed or replaced “during good behavior and efficient service, until the establishment of an eligible list, or until his services are terminated by arriving at a mandatory retirement age, or until the abolishment of the position, or a lay-off.”
The abuse which politically motivated officials can practice in this situation is evident. This is more susceptible to evil than the naked spoils system because it permits the practitioners of the spoils system to give to the beneficiaries under the spoils system the protective cloak of civil service tenure without the necessity of having their qualifications tested by an examination as required by law.
The merit system is frequently attacked by its critics as a system which gives protection to the unqualified and the inefficient. This decision of the court makes certain that the *308 charge will be justified. This gives the form and name of civil service to the practice of the spoils system and, to the beneficiaries of the spoils system, the protection that only those who gain positions through merit and qualification deserve.
I concur in the judgment so far as it reverses but dissent therefrom so far as it affirms.
Taft, J., concurs in the foregoing opinion by O’Neill, J.